# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

IN RE: **THOMAS J. SQUILLACE**
       **KATHLEEN A. SQUILLACE**      Case Number: 16-44181-MLO
                                                                                                                                                                 Chapter 13
Debtors.                                                                                                                                                           Judge OXHOLM

_____

WILLIAM D. JOHNSON
ACCLAIM LEGAL SERVICES, PLLC
8900 E. 13 Mile Road
Warren, MI 48093
248-443-7033
_____/

## MOTION SEEKING CONTEMPT REMEDIES, INCLUDING COSTS AND SANCTIONS, AGAINST SHELLPOINT MORTGAGE SERVICING, FOR VIOLATION OF THE DISCHARGE INJUNCTION AND VIOLATION OF THE SPECIFIC TERMS OF THE DISCHARGE ORDER

**NOW COME** the Debtors, Thomas and Kathleen Squillace, by and through Counsel, Acclaim Legal Services, PLLC, who hereby represent unto this Honorable Court:

1. This is an action for damages, both punitive and actual, and legal fees and expenses incurred by the Debtors for alleged violations of various provisions of Title 11 of the United States Code and violation of this Court's prior order.

2. The case specifically relates to claims arising under Section 524(a)(2) of Title 11 of the United States Code which provides that a discharge "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived." 11 U.S.C.§ 524(a)(2).

3. Further, this action specifically relates to claims arising under Section 524(i) of Title 11 of

the United States Code which provides that:

> [t]he willful failure of a creditor to credit payments received under a plan confirmed under this title, unless the order confirming the plan is revoked, the plan is in default, or the creditor has not received payments required to be made under the plan in the manner required by the plan (including crediting the amounts required under the plan), shall constitute a violation of an injunction under subsection (a)(2) if the act of the creditor to collect and failure to credit payments in the manner required by the plan caused material injury to the debtor

4. 4. Further, this action relates specifically to Creditor's willful disregard of the specific terms, factual findings, and the injunctive relief set forth in the discharge order entered in this particular case which declared that "with respect to secured claims which continue beyond the term of the plan, any pre-petition or post-petition defaults have been cured and such claims are in all respects current, with no escrow balance, late charges, costs or attorney fees owing. . ." The Order further states that "[a]ll creditors who hold secured claims which continue beyond the term of the plan shall take no action inconsistent with the above findings."

5. This is a core proceeding as that term is defined by Section 157(b)(2) of Title 28 of the United States Code in that it concerns claims and matters arising out of the administration of this bankruptcy case and rights duly established under Title 11 of the United States Code and by Section 1337 of Title 28 of the United States Code.

6. Section 524(a) of Title 11 of the United States Code continues the protections afforded by the temporary automatic stay imposed by Section 362 beyond the discharge of the debtor. *Kanipe v. First Tenn. Bank (In re Kanipe),* 293 B.R. 750, 754-55 (Bankr. E.D. Tenn. 2002).

Upon the entry of discharge, the automatic stay is replaced with a permanent injunction against the enforcement of all discharged debts. *Id.* at 755.

7. "[T]he traditional remedy for violation of an injunction lies in contempt proceedings." *Pertuso v. Ford Motor Credit Co.*, 233 F.3d 417, 421 (6th Cir. 2000). Bankruptcy courts are vested with statutory contempt powers under Section 105 of Title 11. *Id*. at 423 n.1.

8. "A bankruptcy court has not only the inherent authority to enforce its orders, but also the statutory authority, under 11 U.S.C. § 105(a), to issue 'any order, process, or judgment that is necessary or appropriate to carry out the provisions' of the Bankruptcy Code." *In re Adams*, 2010 Bankr. LEXIS 2207 (Bankr. E.D.N.C. July 7, 2010). See also *See In re John Richards Homes Bldg. Co., L.L.C.*, 404 B.R. 220, 227 (E.D. Mich. 2009).

9. This authority "necessarily includes orders imposing sanctions for violating the discharge injunction." *In re Barbour*, 77 B.R. 530, 532 (Bankr. E.D.N.C. 1987); *see also Workman v. GMAC Mortg. LLC (In re Workman)*, 392 B.R. 189 at 194 (Bankr. D.S.C. 2007) (citing multiple recent cases in which bankruptcy courts invoked power under § 105(a) to sanction parties who violated the discharge injunction).

10. The Debtors filed a petition for relief under Chapter 13 of Title 11 of the United States Code on March 22, 2016. The Debtors confirmed Chapter 13 Plan directed the Debtors to remit mortgage payments direct to their mortgage servicer, NewRez LLC d/b/a Shellpoint Mortgage Servicing ("Creditor").

11. The Debtors received a discharge of their debts on December 10, 2019.

12. Debtors made all payments to Creditor required of them during and after their case.

13. On November 13, 2019, the Chapter 13 Trustee filed a Trustee's Notice of Completion of Plan Payments and Notice of Final Cure.

14. The Trustee's "Notice of Completion of Plan Payments" advised interested parties that the Trustee was recommending the case for discharge and specifically advised Creditor that the discharge order entered in the case will include findings that: "[w]ith respect to any secured claim that continues beyond the term of the plan, any prepetition or post-petition defaults have been cured and the claim is in all respects current, with no escrow balance, late charges, costs or attorney fees owing," and that "[a]ny creditor who holds a secured claim that continues beyond the term of the plan shall take no action inconsistent with the findings set forth in the Order of Discharge."

15. On December 3, 2019, Creditor filed a Response **Agreeing** with the Notice of Final Cure.

16. The Response specifically states "Creditor states that the debtor(s) are current with all postpetition payments consistent with §1322(b)(5) of the Bankruptcy Code, including all fees, charges, escrow, and costs."

17. Since shortly before completion of the Plan, the Creditor has on multiple occasions contacted the Debtors, stating that they are several months behind on their mortgage payments due to an arrearage from early 2019, have sent inconsistent and varying amounts due, and threatened to send the Debtors to collection.

18. Debtors have contacted Creditor, provided Creditor with information related to the discharge of the purported outstanding balance, and requested the Creditor cease all further collection action.

19. On January 21, 2020, Counsel for Debtor sent via certified mail and email a correspondence advising Creditor of the discharge order and the penalties for violation as well as Debtors' indication to pursue damages if collection did not stop.

20. Unfortunately, the Debtors' efforts have been met only with continued attempts to collect

the purported "outstanding balance."

21. Creditor has never corrected its records and Creditor has elevated its harassment with threats to foreclose on the subject property based on a purported default in monthly payments, payments that were made and brought current during Debtors' discharged Chapter 13.

22. Debtors are extraordinarily distressed by Creditor's actions as they faced nearly daily demands for payment and the constant uncertainty of whether Creditor will attempt to foreclose on the property. The Debtors welcome the opportunity to testify as to the stress and anxiety caused by Creditor's willful and egregious actions. The inconsistency of the amounts demanded has further distressed the Debtors as they are unable to even attempt to pay the amount requested.

23. In addition to the emotional distress, Debtors have suffered substantial economic damages.

    a. First, Creditor's actions in the reporting of this debt as delinquent has had an adverse effect on Debtors' credit standing.

    b. Second, Debtors have incurred (and will continue to incur) substantial liabilities for attorney fees. Attorney fees associated with the reopening of the case and the prosecution of the instant motion should be borne by Creditor. Counsel for Debtors estimates that the time associated with this matter has already exceeded 10 hours (at undersigned Counsel's hourly rate of $250.00 for a total of $2,500.00) and will likely exceed 30 hours (totaling $7,500.00) after accounting for inevitable discovery and an evidentiary hearing to prove the Creditor's conduct and the damages associated with it.

24. In addition to actual damages (based on emotional distress, the adverse effect on the

Debtors' credit, and attorney fees), based on the willful and egregious nature of Creditor's conduct punitive damages are warranted.

25. Civil contempt is established by a showing that the following three elements are met by clear and convincing evidence: (1) the alleged contemnor had knowledge of the order which he is said to have violated; (2) the alleged contemnor did in fact violate the order; and (3) the order violated must have been specific and definite. Parker v. Thompson (In re Thompson), 383 B.R. 407, 410 (Bankr. N.D. Ohio 2007); Glover v. Johnson, 138 F.3d 229, 244 (6th Cir. 1998) (holding that civil contempt is established by a showing of clear and convincing evidence that a party "violated a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order").

26. In this case, the Debtors have met the burden of proving that Creditor had actual notice of the filing of the bankruptcy petition and the discharge order. Creditor in fact file a notice agreeing with discharge.

27. Each demand for money, threat of acceleration of the debt, or verbal or written representation to the Debtors that there is a pre-discharge balance still owed is a violation of the discharge injunction.

28. The discharge order is a "specific and definite" order of the court establishing that there is no pre-discharge arrearage.

29. Civil sanctions for violation of the discharge injunction "may include actual damages, attorney's fees and, when appropriate, punitive damages." Cherry v. Arendall (In re Cherry), 247 B.R. 176, 187 (Bankr. E.D. Va. 2000). "The purpose of civil contempt sanctions is to (1) compensate the complainant for losses and expenses it incurred because

of the contemptuous act, and (2) coerce the contemnor into complying with the court order." Jove Eng'g, Inc. v. IRS, 92 F.3d 1539, 1557 (11th Cir. Ala. 1996).

30. Where willfulness is found and civil contempt results, costs associated with forcing compliance with the bankruptcy laws, including attorney fees, should be assessed to the offending creditor. In re Roush, 88 B.R. at 165. A debtor who is injured by a willful violation of the discharge injunction is entitled to damages, including reasonable attorney fees. In re Miller, 247 B.R. 224, 228 (Bankr. E.D. Mich. 2000). "The willfulness requirement refers to the deliberateness of the conduct and the knowledge of the bankruptcy filing." In re Kanipe, 293 B.R. at 755 (quoting In re Timbs, 178 B.R. 989, 997 (Bankr. E.D. Tenn. 1994)). Behavior will be deemed willful if the party has knowledge or notice of sufficient facts "to cause a reasonably prudent person to make additional inquiry to determine whether a bankruptcy petition has been filed" and such party fails to make such inquiry. In re Roush, 88 B.R. 163, 164 (Bankr. S.D. Ohio 1988) (quoting In re Stucka, 77 B.R. 777, 783 (Bankr. C.D. Cal. 1987)).

31. The Debtors have thus satisfied their burden of establishing that Creditor had actual notice of the discharge and that, despite this notice, it continued its collections efforts in violation of the discharge order. These actions were willful as the Creditor deliberately sent written notices to the Debtors.

32. The actions of Creditor have undermined the fundamental protections afforded by a bankruptcy filing and the integrity of the bankruptcy process. Without an award of punitive damages, Creditor will continue to remain indifferent to the statutory importance of the discharge injunction and the importance of complying with the terms of the discharge order. In this case, Creditor's complete disregard for the discharge and the Court's order

warrants punitive damages in the amount of $30,000.00. Creditor acted in an egregious, willful, and wrongful manner in continuing to harass the Debtors in an attempt to collect on the discharged debt. Despite knowledge of the bankruptcy and the terms of the discharge order, Creditor has continued to harass the Debtors. The harassment has resulted in extraordinary distress for the borrowers. The Debtors have repeatedly expressed concerns that they are in constant fear of losing their home to the Creditor. This harassment must be punished to deter similar violations of the discharge by the Creditor. To protect all debtors and maintain the integrity of the bankruptcy process, Creditor must understand that ignoring factual findings of the bankruptcy court and specific terms of court orders will result in serious consequences. To properly serve the purpose of punitive damages in deterring further conduct of the same nature, a substantial award is necessary given the Creditor's overall size and revenue. A nominal punitive damage award will not serve to deter Creditor from future similar actions. The Creditor will simply view a nominal punitive damage award as a "cost of doing business" and continue to disregard the protections the bankruptcy code affords debtors and continue to trample on the rights of debtors.

33. The Debtors are informed and believe and therefore allege that as a result of these allegations, they are entitled to the recovery of damages and legal fees and expenses.

**WHEREFORE**, the Debtors respectfully pray that this Honorable Court enter an Order which

A. Confirms that the Debtors are current on all mortgage payments;

B. Finds Creditor Shellpoint Mortgage Servicing is in contempt of Court for violating the discharge injunction;

C. Orders Creditor Shellpoint Mortgage Servicing to immediate cease any further violations of the Court's discharge order;

D. Orders Creditor Shellpoint Mortgage Servicing to report the loan as contractually current with all three major credit bureaus and withdraw any negative reports made since the entry of the discharge order;

E. Award actual damages and costs to Debtors for attorney fees and expenses in the amount of $7,500.00 or, in the alternative, enter an Order requiring Acclaim Legal Services to submit an application for fees;

F. Awards actual damages to Debtors for their time, inconvenience, anguish, stress, and emotional distress resulting from Creditor's actions in the amount of $5,000.00 or, in the alternative, schedule a hearing to allow Debtors to submit evidence of their calculation of actual damages,

G. Award actual damages to compensate the Debtors for the adverse impact as to the Debtors' creditworthiness and mortgage eligibility resulting from the violation of the discharge injunction and related improper credit reporting in the amount of $10,000.00, or in the alternative schedule a hearing to allow Debtors to submit evidence on their calculation of actual damages;

H. Award the Debtors punitive damages in the amount of $30,000.00, or in the alternative schedule a hearing to allow Debtors to submit evidence on their calculation of the appropriate

punitive damages, including allowing discovery to compel Creditor to provide evidence of all offending correspondences and communications sent to the Debtors; and

I.  Any other relief the Court deems just and proper.

Respectfully submitted,

April 7, 2020                                                    /s/ Ryan A. Paree
                                                                 Ryan A. Paree
                                                                 Acclaim Legal Services, PLLC
                                                                 8900 E. 13 Mile Road
                                                                 Warren, MI 48093
                                                                 248-443-7033
                                                                 filing@AcclaimLegalServices.com

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

IN RE: **THOMAS J. SQUILLACE**
      **KATHLEEN A. SQUILLACE**      Case Number: 16-44181-MLO
                                                               Chapter 13
Debtors.                                                          Judge OXHOLM

_____

WILLIAM D. JOHNSON
ACCLAIM LEGAL SERVICES, PLLC
8900 E. 13 Mile Road
Warren, MI 48093
248-443-7033
_____/

## PROPOSED ORDER GRANTING DEBTORS' MOTION SEEKING CONTEMPT REMEDIES, INCLUDING COSTS AND SANCTIONS, AGAINST SHELLPOINT MORTGAGE SERVICING, FOR VIOLATION OF THE DISCHARGE INJUNCTION AND VIOLATION OF THE SPECIFIC TERMS OF THE DISCHARGE ORDER

Debtors having filed a MOTION SEEKING CONTEMPT REMEDIES, INCLUDING COSTS AND SANCTIONS, AGAINST CREDITOR SHELLPOINT MORTGAGE SERVICING, FOR VIOLATION OF THE DISCHARGE INJUNCTION AND VIOLATION OF THE SPECIFIC TERMS OF THE DISCHARGE ORDER, no responses having been filed, a certificate of no objection having been filed, and the Court being fully advised in this matter,

IT IS HEREBY ORDERED that Shellpoint Mortgage Servicing is hereby found in contempt of Court for violating the discharge injunction and in contempt of the discharge order entered in the above matter on December 10, 2019.

IT IS FURTHER ORDERED that Shellpoint Mortgage Servicing shall immediately cease all collection efforts and shall, within 14 days of entry of this Order, issue written confirmation to the Debtors that the account is current.

IT IS FURTHER ORDERED that Shellpoint Mortgage Servicing shall immediately report the loan current to all credit bureaus and correct or remove all adverse credit reporting from the date of the discharge order.

IT IS FURTHER ORDERED that Shellpoint Mortgage Servicing shall pay to the Debtors the following within 30 days of the entry of this Order:

      a. Actual damages, to compensate the Debtors for anguish and emotional distress, in

the sum of $5,000.00;

b. Actual damages for attorney fees and expenses paid to Acclaim Legal Services, PLLC in the sum of $7,500.00;

c. Actual damages, to compensate the Debtors based on the adverse credit consequences related to Creditor's violation of the discharge injunction, in the sum of $10,000.00;

d. Punitive damages in the sum of $30,000.00.

# EXHIBIT 1

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

IN RE: **THOMAS J. SQUILLACE**
   **KATHLEEN A. SQUILLACE**   Case Number: 16-44181-MLO
                    Chapter 13
Debtors.                 Judge OXHOLM

_____

WILLIAM D. JOHNSON
ACCLAIM LEGAL SERVICES, PLLC
8900 E. 13 Mile Road
Warren, MI 48093
248-443-7033
_____/

# NOTICE OF MOTION SEEKING CONTEMPT REMEDIES, INCLUDING COSTS AND SANCTIONS, AGAINST SHELLPOINT MORTGAGE SERVICING, FOR VIOLATION OF THE DISCHARGE INJUNCTION AND VIOLATION OF THE SPECIFIC TERMS OF THE DISCHARGE ORDER

Debtors have filed a MOTION SEEKING CONTEMPT REMEDIES, INCLUDING COSTS AND SANCTIONS, AGAINST SHELLPOINT LOAN SERVICING, FOR VIOLATION OF THE DISCHARGE INJUNCTION AND VIOLATION OF THE SPECIFIC TERMS OF THE DISCHARGE ORDER

Your rights may be affected. You should read these papers carefully and discuss them with your Attorney, if you have one in this bankruptcy case. (If you do not have an Attorney, you may wish to consult one.)

If you do not want the Court to allow the Motion, or if you want the Court to consider your views on the motion referred to above, within fourteen (14) days from the date of service of the motion, you or your attorney must:

  1.  File with the Court a written response or an answer, explaining your position at:

      United States Bankruptcy Court
      211 West Fort Street, Suite 2100
      Detroit, Michigan 48226

If you mail your response to the Court for filing, you must also mail it early enough so the Court

will receive it within the above-stated time period.

2. Mail a copy to:

> Acclaim Legal Services, P.L.L.C.
> 8900 E. 13 Mile Rd.
> Warren, MI 48093

2. If a response or answer is timely filed and served, the clerk will schedule a hearing on the motion and you will be served with a notice of the date, time and location of the hearing.

If you or your Attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the notice and may allow the relief sought

April 7, 2020                                          /s/ Ryan A. Paree
                                                       Ryan A. Paree
                                                       Acclaim Legal Services, PLLC
                                                       8900 E. 13 Mile Road
                                                       Warren, MI 48093
                                                       248-443-7033
                                                       filing@AcclaimLegalServices.com

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

IN RE: **THOMAS J. SQUILLACE**
       **KATHLEEN A. SQUILLACE**  Case Number: 16-44181-MLO
Chapter 13
Debtors. Judge OXHOLM

_____

WILLIAM D. JOHNSON
ACCLAIM LEGAL SERVICES, PLLC
8900 E. 13 Mile Road
Warren, MI 48093
248-443-7033
_____/

**PROOF OF SERVICE**

Deanna L. Runde hereby certifies that on April 8, 2020 she served a copy of the following documents:

    MOTION SEEKING CONTEMPT REMEDIES, INCLUDING COSTS AND SANCTIONS, AGAINST OCWEN LOAN SERVICING, LLC, FOR VIOLATION OF THE DISCHARGE INJUNCTION AND VIOLATION OF THE SPECIFIC TERMS OF THE DISCHARGE ORDER

The following entities were served via Certified Mail, U.S. Mail:

    Shellpoint Mortgage Servicing
    c/o CSC-Lawyer's Incorporating Service (Company)
    601 Abbott Road
    East Lansing, MI 48823

                                                /s/ Deanna L. Runde
                                               Deanna L. Runde
                                               Acclaim Legal Services PLLC
                                               8900 E. 13 Mile Rd
                                               Warren, MI 48095
                                               248-443-7033
                                               filing@acclaimlegalservices.com

**EXHIBIT 3**